**RIMLAND LAW**
ATTORNEYS AT LAW
225 BROADWAY   SUITE 1606
NEW YORK, NEW YORK 10007

TEL. NO. (212) 374 0680
FAX NO.(212) 374 0681

EDWARD RIMLAND
GLEN AHLERS

ZACHARY P. BUNIAK

ROBERT ELAN
HERNAN CACERES
MATTHEW A. KAUFMAN*
Of Counsel
* Admitted in NY & NJ

PALOMA ABAD COLON

PARALEGAL

September 2, 2025

Hon. Lorna G. Schofield, USDJ
United States District Court
    Southern District of New York
500 Pearl Street
New York, N.Y. 10007

_LORNA G. SCHOFIELD_
**UNITED STATES DISTRICT JUDGE**

Re:   *Jonathan Cabral Concepcion v. Charles Thomas Wilson, Jr. et al.*
      **Docket No.**        **1:25-cv-6026 (LGS)**

---

**Judge's Endorsement (right margin):**

Application **GRANTED IN PART and DENIED IN PART**. The parties shall file a joint status letter regarding the status of mediation on behalf of all parties that have appeared in the action by **November 17, 2025.**

The deadlines in the Mediation Referral Order for Personal Injury Cases, Dkt. No. 9, are extended for an additional period of 45 days. Any other deadlines pursuant to an Order of the Court or applicable law remain in effect.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 16.

Dated: September 3, 2025
New York, New York

---

Dear Hon. Judge Schoefield:

    I am Counsel for Rimland Law, P.C., Plaintiff's counsel in the above action. This is the parties' First Status Letter as directed by this Court's Order dated July 30, 2025 [ECF Doc. No. 7] as well as a request pursuant to Rule 1 B 3 for a 45-day stay of the proceedings in this case, including the mandatory Mediation pursuant to Local Rule 83.9. This letter had been reviewed by counsel for the appearing defendant, Charles Thomas Wilson, Jr. (previously incorrectly identified as "Wilson Charles Thomas, Jr. in the original complaint) who joins in this request. The basis for this request is to provide time to serve a new defendant in this action, Defendant Carl Thomas Wilson, Jr.'s employer, and to allow time for issue to be joined.

**A. Status Information**

    **1.**     **Background of Claim**

    This claim diversity case arises out of a motor vehicle accident which occurred on April 3, 2025. At that time, Mr. Concepcion was traveling in his vehicle northbound on I-95 in Bronx County when his vehicle was struck in the rear by truck operated by Defendant Wilson while in the employ of Defendant Motor Carriers LLC. The Defendants' vehicle was owned by Defendant Vandenbush Enterprises, LLC (the members of both limited liability companies are neither citizens nor residents of the State of New York). Mr. Concepcion sustained severe personal injuries as a result of the April 3, 2025, necessitating his seeking continuing medical treatment. That treatment has included an epidural to his spine (C7/T1) on July 1, 2025 and a second epidural (L5/S1) on July 15, 2025. Mr. Concepcion is still under medical care for treatment of his injuries.

Hon. Lorna G. Schofield, USDJ
September 2, 2025
Page 2

On July 8, 2025, Defendant Wilson filed his Answer to the State Court complain in this removed action. [ECF Doc. No. 8]. On July 26, 2025, within 21-days of the service of Defendant's answer, the Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15 (a)(1)(B). The amended complaint correct the spelling of Defendant Wilson's name, as well as adding his employer, Defendant Motor Carriers, LLC [ECF Doc. No. 11]. On August 29, 2025, the Clerk issued a Summons for the Amended Complaint [ECF Doc. No. 15].

## 2. Subject Matter Jurisdiction

This case was commenced on June 26, 2025 by the filing of the Summons and Complaint with the Supreme Court of the State of New York, Bronx County. Defendant Wilson initially removed this action to the District Court based on diversity of citizenship of the parties, 28 U.S.C. §§ 1441, 1332; Docket No. 1:25-cv-5781. On July 17, 2025, the Court issued an Order (Hon Lorna G. Schoefield, USDJ) remanding this case to the local state Court due to a deficiency in the Notice of Removal.

On July 22, 2025, Defendant Wilson again removed this case. Defendant filed a corrected Notice of Removal based on diversity jurisdiction with second Notice of Removal filing. Venue is based on the citizenship and residence of the Plaintiff, who resides in Bronx County, City and State of New York.

## 3. Diversity Jurisdiction

a. The Plaintiff, Jonathan Cabral Concepcion is a citizen and resident of the State of New York, City of New York and County of Bronx;

b. Defendant Wilson is a citizen and resident of the State of Maryland;

c. Based on a search of the business filings in Florida and Tennessee, Defendant Vandenbush Enterprises, LLC is a limited liability company formed in the State of Florida with its principal headquarters in the State of Tennessee, and each member is a citizen of the State of Tennessee. Based on a search of the business records of Florida and Indiana, as well as records with the Federal Motor Carrier Authority;

d. Defendant Motor Carriers LLC is a two member limited liability company formed in the State of Florida with its principal headquarters in the State of Indiana and each member is a citizen of the State of Indiana; and,

e. Mr. Concepcion's claim for personal, while unliquidated, is in an amount in excess of $75,000.00, the jurisdictional threshold for subject matter jurisdiction, 28 U.S.C. § 1332.

Hon. Lorna G. Schofield, USDJ
September 2, 2025
Page 3

### 4. **Foreseeable Motions**

At the present time, there is the potential that Defendant Vandenbush Enterprises, LLC may be covered under the Graves Amendment, 49 U.S.C. § 30106. The documentary evidence provided Mr. Concepcion at the time of the accident identified Defendant Vandenbush Enterprises LLC as the owner of the vehicle. Discussions with defense counsel indicates that Defendant Wilson was in the course of work for a different entity, Defendant Motor Carriers LLC. Plaintiff does not possess any documentation indicating a "lessor-lessee relationship" as defined by 49 U.S.C. 30106 (a). Further, research There is presently no working for vehicle at the time Based on my discussions with counsel for the appearing defendant, Defendant Motor Carriers, LLC may have leased the vehicle operated by Defendant Wilson form Defendant Vandenbush Enterprises, LLC. At the present time, the plaintiff does not possess a copy of any lease agreement.

Aside and apart from the question of leasing, is the issue of whether if Vandenbush is a rental company and was negligent in its leasing of the truck. *See, MVAIC v. Continental National American Group Company*, 35 N.Y.2d 260, 263, 319 N.E.2d 182. According to the Federal Motor Carrier Safety Administration ("FMCSA"), Vandenbush Enterprises LLC currently owns two tractors and three trailers. While Defendant Motor Carriers, LLC owns 12 tractors and 12 trailers, as of July 25, 2025, it was involved in six crashes reported to the FMCSA over the period of six months prior to that date. This raises issues regarding whether there was negligent conduct by Defendant Vandenbush Enterprises LLC in its entrustment and monitoring of the vehicle to Defendant Motor Carriers LLC, 49 U.S.C. § 30106 (a) (2). The parties will be in a better position to address the Graves Amendment once issue is joined and preliminary discovery is conducted.

### 5. **Discovery**

The Plaintiff is presently in the process of assembling his Initial Disclosure pursuant to Fed. R. Civ. P. 26 (a) and the Mediation Pilot Program. That discovery will be composed of Mr. Concepcion's medical records, will be admissible at trial. In addition, there are post-accident photographs of the vehicles involved in the collision, which will also be admissible. In addition, Defendant Wilson told Mr. Concepcion that the truck had "cameras," which also should constitute be admissible evidence.

In addition, as the accident occurred on April 3, 2025, Mr. Concepcion is still receiving medical treatment for his injuries. Mr. Concepcion presently has two upcoming appointments with doctors: on Thursday, September 4, 2025 with his treating physician; and on Friday, September 5, 2025 with a surgeon.

Hon. Lorna G. Schofield, USDJ
September 2, 2025
Page 4

### 6. **Computation of Damages**

The accident occurred on April 3, 2025, and Mr. Concepcion is still receiving medical treatment for his injuries. Mr. Concepcion has two upcoming appointments with doctors: on Thursday, September 4, 2025 with his treating physician; and on Friday, September 5, 2025 with a surgeon.

In addition to the personal injuries, Mr. Concepcion sustained property damage to his vehicle costing under $1,000. After repairing his vehicle, its transmission failed, so he no longer possesses it.

### 7. **Settlement Negotiations**

The parties have not engaged in any settlement negotiations. There are two significant factors precluding settlement discussion at this time. First, Mr. Concepcion is still receiving ongoing medical treatment, and is scheduled to meet and be examined by a surgeon on Friday, September 5, 2025. Second, not all the parties have appeared in this case.

### 8. **Other Relevant Issues**

Mr. Concepcion will require an English-Spanish interpreter. The Plaintiff has already undergone two (2) surgical procedures involving epidural injections. He will not know until at least Friday, September 5, 2025 whether he requires additional, more invasive surgical procedures.

**B. Motion Sought by Plaintiff - Current Request for Stay**

The Plaintiff currently seeks a "45-day Stay" to permit time to obtain jurisdiction over all the Defendants. Defendant Motor Carriers, LLC, Defendant Wilson's employer, is a new party added to this action in the Amended Complaint, will be served this week with the pleadings, along with this Court's Order dated July 30, 2025 [ECF Doc. No. 7], the Part's Rules pursuant to Section 253 of the New York State Vehicle & Traffic Law. Defendant Vandenbush Enterprises, LLC, the owner of the commercial vehicle was served on Jun 30, 2025 Defendant Vandenbush has not appeared in this action, and will be re-served under the New York Vehicle and Traffic Law Section 253. The summons was issued on August 29, 2025 [ECF Doc. No. 16].

The Plaintiff will be serving Defendants Vandenbush Enterprises LLC and Motor Carriers LLC pursuant to the New York Vehicle and Traffic Law § 253 this week. The request for the 45-days stay is initially predicated on the need to provide sufficient time to serve the limited liability company defendants, and provide them with time to appear and answer. Section 253, subdivision (2) requires the use of certified mail service by the U.S. Postal Service to serve the pleadings to these defendants. The Plaintiff must wait until receiving a "return receipt," which in turn, is filed with the proof of mailing and an affidavit of service.

Hon. Lorna G. Schoefield, USDJ
September 2, 2025
Page 5

Once issue is joined, the parties will require time to exchange discovery as mandated pursuant to the discovery protocols of Sections 1-3 of the Mandatory Mediation Program. Additional time will also be required due to the approaching Jewish Holidays which commence on the evening of Monday, September 22, 2025 (Rosh HaShanah), and continue through Wednesday night, October 15, 2025. During the Holiday period, which lasts four weeks, I will be religiously prohibited from working for a total of seven (out of 20) business days during that time.

The proposed Given that he may require surgery may need to be expanded in view of the fact that Mr. Mr. Concepcion is still scheduled for additional medical treatment for injuries arising out of this motor vehicle accident. This additional treatment includes his meeting with a surgeon on Friday, September 5, 2025 to determine whether he requires surgery, which will impact both the valuation of this case, as well as the time he will need to complete his medical treatment.

I have communicated with counsel for Defendant Wilson, the only defendant appearing in this case regarding my request for a stay. Defense counsel consents to the Plaintiff's request for the 45-day stay as detailed herein. Defense counsel also agrees with the Status information provided.

Very truly yours,

Matthew A. Kaufman
Of Counsel

MAK
cc:    Keith Harris, Esq.